IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BRETT THOMAS CHENEVERT**                                                    **PLAINTIFF**

**V.**                  **CASE NO. 5:20-CV-5172-TLB**

**JEFF LUNSFORD, MARY SMITH**
**BLUE WATER TRANSPORT, LLC,**
**and JOHN DOES 1–3**                                                 **DEFENDANTS**

## OPINION AND ORDER TO SHOW CAUSE

Before the Court is Plaintiff Brett Thomas Chenevert's Motion for Default Judgment as to Mary Smith and Blue Water Transport, LLC ("Blue Water"), two of the three named Defendants in this action (Doc. 16). It appears from the docket that Plaintiff served Ms. Smith and Blue Water in October 2020, *see* Docs. 8 & 9, but they have failed to answer or otherwise respond. The remaining named Defendant, Jeff Lunsford, has not yet been served.

The Court cannot grant Plaintiff's Motion. "[W]hen defendants are sued as jointly liable, and less than all default, the court may not enter default judgment against the defaulted defendants until the liability of the nondefaulted defendants has been decided." *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir. 1997) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). "When co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment." *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citing *Frow*, 82 U.S. at 554).

1

"To avoid such inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party." *Id.*

Here, we have three named Defendants who—according to Plaintiff's Complaint—may be jointly liable for damages arising out of their alleged fraud, misrepresentations, breach of contract, and conversion of Plaintiff's property. Notably, Plaintiff directs each of his claims against all of the Defendants. (Doc. 2, pp. 4–5). Moreover, as relief, Plaintiff "prays for judgment against Defendants, *collectively and individually* . . . ." *Id.* at p. 6 (emphasis added). Based upon these allegations, this case involves multiple Defendants who may be jointly liable for damages arising out of their transactions with Plaintiff. In this situation, the Court should "stay its determination of damages against defaulters until plaintiff's claim against the nondefaulters is resolved" in order "to avoid the problems of dealing with inconsistent damage determinations against jointly and severally liable defendants." *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992) (citing *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1261–62 (7th Cir. 1980)). Accordingly, the Court will hold Plaintiff's Motion for Default Judgment as to Mary Smith and Blue Water in abeyance until resolving whether to dismiss this matter for Plaintiff's failure to prosecute, as discussed below.

Turning to the remaining named Defendant, Mr. Lunsford, the Court notes that Plaintiff has not yet served him. Plaintiff filed his Complaint on September 18, 2020, so the ninety-day period for service has expired. *See* Fed. R. Civ. P. 4(m). On March 2, 2021, the Clerk of Court entered a text-only notice directing Plaintiff to file proof of timely service or a statement as to when Plaintiff would file such proof. That notice set a five-day deadline for Plaintiff to comply, but that deadline came and went without any filing or

communication from Plaintiff. In short, Plaintiff has failed to serve Mr. Lunsford and has shown no good cause for an extension of time to do so.

In the light of the above facts, Plaintiff is **ORDERED TO SHOW CAUSE** as to why the Court should not immediately dismiss this case for failure to prosecute. A written response to this Order must be filed of record by no later than **April 26, 2021, by 5:00 p.m. C.T.**, or this case will be summarily dismissed.

**IT IS SO ORDERED** on this 12th day of April, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE