IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BRETT THOMAS CHENEVERT**                                                                      **PLAINTIFF**

**V.**                                    **CASE NO. 5:20-CV-5172-TLB**

**JEFF LUNSFORD, MARY SMITH,**
**BLUE WATER TRANSPORT, LLC,**
**and JOHN DOES 1-3**                                                                            **DEFENDANTS**

### ORDER REOPENING CASE

This matter is before the Court on Plaintiff Brett Thomas Chenevert's Motion for Relief from Order (Doc. 19). In this Motion, Plaintiff seeks reconsideration of the Court's April 26, 2021 Order (Doc. 18) which dismissed without prejudice this action for failure to prosecute. For the reasons explained below, the Court **GRANTS** Plaintiff's Motion (Doc. 19).

### I. BACKGROUND

On September 17, 2020, Plaintiff filed this action against the following Defendants: Jeff Lunsford, Mary Smith, Blue Water Transport, LLC ("Blue Water"), and John Does 1–3 (Doc. 2). Plaintiff served Mary Smith and Blue Water on October 24, 2020; Jeff Lunsford was never served. Mary Smith and Blue Water failed to respond to Plaintiff's Complaint, and on December 11, 2020, the Clerk of Court entered its entry of default as to those Defendants. On December 16, Plaintiff sought a 60-day extension of time to serve Jeff Lunsford, and the next day Plaintiff filed a Motion for Default Judgment as to Mary Smith and Blue Water. The extended deadline for service expired on February 15, 2021, without any additional word from Plaintiff. Thus, on March 2, 2021, the Clerk of Court entered a Notice directing Plaintiff to provide proof of service on Jeff Lunsford by March 8, 2021. That deadline also expired without any update from Plaintiff.

On April 12, 2021, the Court issued an Opinion and Order to Show Cause (Doc. 17) as to why this case should not be dismissed for failure to prosecute. The Order also denied Plaintiff's request for a default judgment as to Mary Smith and Blue Water because Plaintiff failed to serve Jeff Lunsford. The Court directed Plaintiff to file a written response by April 26, 2021. That deadline passed without comment by Plaintiff, so on April 28 the Court entered an Order (Doc. 18) dismissing the case without prejudice.

The next day, Plaintiff filed his present Motion for Relief. Therein, his counsel explains that he last received electronic notice of a filing in this case on December 17, 2020, and that all subsequent filings have been diverted to the "junk mail" or "deleted mail" folders of his email account. He asserts that if he had received notice of any of the filings since December 17th, he would have timely responded. Plaintiff's counsel discloses that he was the subject of an email "hack" on March 2, 2021, and that this incident—as well as subsequent changes to his firewalls—may have waylaid the Court's electronic notices. As relief, Plaintiff asks the Court to reconsider its Order dismissing this action, and he also requests that the Court dismiss with prejudice separate defendant Jeff Lunsford and reinstate Plaintiff's Motion for Default Judgment.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 60(b), the Court may relieve a plaintiff from an order for mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; or any other reason that justifies relief. See Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made "no more than a year after entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Moreover, in reviewing a motion to reopen a case after a Rule 41(b) dismissal without prejudice, the Court takes into account: (1) danger of prejudice to the non-moving party; (2) length of delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and

(4) reason for delay, including whether it was within the movant's reasonable control. See *Glass v. Scottrade, Inc.*, 354 F. App'x 276, 276 (8th Cir. 2009) (per curiam) (citing *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 866–68 (8th Cir. 2007)).

After reviewing the grounds raised by Plaintiff, the Court will relieve Plaintiff from the Order dismissing this case and grant his Motion to reopen the case. The Court has no reason to question Plaintiff's counsel's proffered explanation for the delays in this case. Accepting at face value this explanation, it appears that counsel immediately filed the present Motion once he realized he had missed notices from the Court. As to the question of prejudice to Mary Smith and Bluewater if the Court reopens this case, the Court finds that there is little risk of prejudice because reopening the case will leave them in substantially the same position they would have been in if Plaintiff had timely complied with the Court's orders in April. Finally, the Court finds that Plaintiff's request to dismiss with prejudice Jeff Lunsford is proper under Federal Rule of Civil Procedure 41(a)(2).

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion for Relief from Order (Doc. 19) is **GRANTED**, and the Clerk of Court is **DIRECTED** to reopen this case;

2. Separate defendant Jeff Lunsford is **DISMISSED WITH PREJUDICE**;

3. Within seven (7) days of the entry of this Order, Plaintiff is **DIRECTED** to file a renewed motion for default judgment as to the remaining defendants. Failure to comply with this directive will result in the summary dismissal of this action.

**IT IS SO ORDERED** on this \_\_7th\_\_ day of May, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE