IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BRETT THOMAS CHENEVERT**                                                    **PLAINTIFF**

**V.**                         **CASE NO. 5:20-CV-5172-TLB**

**MARY SMITH;**
**BLUE WATER TRANSPORT, LLC;**
**and JOHN DOES 1–3**                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

On July 7, 2021, the Court held a hearing on Plaintiff Brett Thomas Chenevert's Renewed Motion for Default Judgment as to Defendants Mary Smith and Blue Water Transportation, LLC ("Blue Water") (Doc. 21). The purpose of this hearing was to determine what damages, if any, Mr. Chenevert is entitled to as against Ms. Smith and Blue Water. Now having considered the pleadings and the testimony presented at the hearing, the Court finds Mr. Chenevert is entitled to a default judgment against Ms. Smith and Blue Water, **GRANTS** the Renewed Motion for Default Judgment (Doc. 21), and enters a contemporaneous Judgment in the full amount of $206,843.28, plus interest.

### I. BACKGROUND

This litigation arises out of a failed partnership between Mr. Chenevert, Jeff Lunsford, Ms. Smith, and Blue Water. The purpose of the erstwhile partnership was to finance and manufacture specialized trailers that would transport wind turbine blades for General Electric. Mr. Chenevert is a freight broker, and he knew Mr. Lunsford and Ms. Smith through that business, as the entity they own, Blue Water, is a freight carrier. Mr. Chenevert provided the seed money for the venture. Specifically, Mr. Chenevert alleges that he wired $186,000.00 to Mr. Lunsford, Ms. Smith, and Blue Water to purchase three

1

specialized trailers from Hale Trailer Brake and Wheel. Mr. Lunsford, Ms. Smith, and Blue Water then ceased communications with Mr. Chenevert. Mr. Chenevert discovered that $20,000.00 was used as a down payment to Hale Trailer Brake and Wheel, but the remainder of the funds went missing. Hale Trailer Brake and Wheel refunded Mr. Chenevert the $20,000.00, but Mr. Chenevert has not received back the remaining $166,000.00. Accordingly, Mr. Chenevert brought claims for fraud and misrepresentation, breach of contract, and conversion against Mr. Lunsford, Ms. Smith, Blue Water, and several John Doe defendants. He seeks $166,000.00 in monetary damages, as well as punitive damages and attorney's fees and costs.

Mr. Chenevert served Ms. Smith and Blue Water in October 2020, *see* Docs. 8 & 9, and they have not answered. The Clerk entered an entry of default as to Ms. Smith and Blue Water on December 11, 2020. *See* Doc. 13. Before serving Mr. Lunsford, Mr. Chenevert prematurely sought a default judgment against Ms. Smith and Blue Water. The Court denied that request, *see* Doc. 17, so Mr. Chenevert dismissed his claims against Mr. Lunsford. *See* Doc. 19. As for the John Doe defendants, Mr. Chenevert has failed to identify these defendants, so the Court will dismiss them. Thus, the only live claims in this action are against Ms. Smith and Blue Water.

Turning to these remaining live claims, the Court has already held that Ms. Smith and Blue Water are entitled to a default judgment, *see* Doc. 22, but the Court left open the issue of damages. The Court held a hearing on damages on July 7, 2021, during which Mr. Chenevert provided sworn testimony. The Court previously directed Mr. Chenevert's counsel to mail a copy of the Order setting the hearing date and time to Ms. Smith and Blue Water at their last known address, and counsel completed that task. *See*

Docs. 24 & 25. However, no representative for Ms. Smith or Blue Water appeared at the hearing.

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) By the Court**. In all other cases, the party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> **(A)** conduct an accounting;
>
> **(B)** determine the amount of damages;
>
> **(C)** establish the truth of any allegation by evidence; or
>
> **(D)** investigate any other matter.

Fed. R. Civ. P. 55.

Rule 55 contemplates a two-step process for the entry of default judgments. *United States v. Williamson.*, 2013 WL 7864735, at *1 (E.D. Ark. Feb. 21, 2013) (citing *Fraserside IP L.L.C. v. Youngtek Sols., Ltd.*, 796 F. Supp. 2d 946, 950–951 (N.D. Iowa 2011) (citation and internal quotation marks omitted)). First, pursuant to Rule 55(a), the party seeking a

default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id*. Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the Rule. *Id*.

In the instant case, Clerk entered a default under Rule 55(a) on December 13, 2020, then the Court found that Ms. Smith and Blue Water are were in default under Rule 55(b) (Doc. 22). All that is left for the Court to do is determine the amount of damages reasonably owed to Mr. Chenevert under Rule 55(b)(2) and enter a Judgment.

### III. DISCUSSION

#### A. Damages

The Court has considered Mr. Chenevert's Complaint, his testimony in Court at the hearing on the Motion, and the three exhibits he submitted during that hearing. According to these documents and his testimony, Mr. Chenevert had an oral contract with Mr. Lunsford, Ms. Smith, and Blue Water to purchase specialized trailers from a supplier. Mr. Chenevert wired $186,000.00 to Mr. Lunsford, Ms. Smith, and Blue Water for that purpose, and $20,000.00 of that sum was paid to the trailer supplier as a down payment. The supplier eventually refunded Mr. Chenevert the $20,000.00 down payment, but the remaining $166,000.00 went missing, and Mr. Chenevert's entreaties to Mr. Lunsford and Ms. Smith went unanswered. As of the July 7, 2021 hearing, Mr. Chenevert had not received back any of the $166,000.00.

Based upon the pleadings and evidence before the Court, and for the reasons explained from the bench, the Court finds that Mr. Chenevert is entitled to compensatory damages for breach of contract, conversion, fraud, and misrepresentation. The Court

therefore awards him $166,000.00 in compensatory damages as against Ms. Smith and Blue Water. As to punitive damages, the Court finds that Mr. Chenevert has prevailed on claims sounding in tort and has demonstrated that punitive damages are appropriate. Accordingly, the Court awards him $34,000.00 in punitive damages as against Ms. Smith and Blue Water.

### B. Attorney's Fees

Pursuant to Arkansas Code § 16-22-308, a court may award "a reasonable attorney's fee to the prevailing party in a breach-of-contract case." Pursuant to the default posture of this case, the Court finds that Mr. Chenevert, as the prevailing party on his breach-of-contract claim, is entitled to the payment of a reasonable amount of attorney's fees spent in bringing this action. At the hearing, Mr. Chenevert presented evidence that his attorney spent $6,120.00 worth of billable hours on this matter, and the Court finds that this is a reasonable attorney's fee for the quality and amount of legal work done in this matter.

Mr. Chenevert also requests certain out-of-pocket expenses as part of his attorney's fee. Specifically, he requests $255.00 in service costs and $68.28 in postage costs. Reasonable out-of-pocket expenses are recoverable because they are normally charged to clients by attorneys. *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 295 (8th Cir. 1996). Mr. Chenevert's lawyer's reasonable out-of-pocket expenses include the $255.00 in service costs and $68.28 in postage costs, so the Court will include those costs in the attorney's fee award. Accordingly, the total award of attorney's fees to Mr. Chenevert is $6,443.28.

## C. Costs

At the hearing, Mr. Chenevert presented evidence that he has incurred a $400.00 filing fee. As the prevailing party, the law presumes that Mr. Chenevert is entitled to costs as defined by Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. *See Leonard v. Sw. Bell Corp. Disability Income Plan*, 408 F.3d 528, 533 (8th Cir. 2005) (citing *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 696 (8th Cir. 2001)). Pursuant to 18 U.S.C. § 1920(1), which provides that clerk fees may be taxed as costs, the Court taxes the $400.00 filing fee against Ms. Smith and Blue Water.

## D. Prejudgment and Postjudgment Interest

"Prejudgment interest is allowable where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that make it possible to compute the amount without reliance on opinion or discretion." *Woodline Motor Freight, Inc. v. Troutman Oil Co., Inc.*, 327 Ark. 448, 453 (1997). It is well-established that, in order to justify an award of prejudgment interest, "damages [must] be capable of exact determination both in time and amount." *Id.* at 451.

Here, the amount of precise damages at issue is easily calculable: $166,000.00. As for the date upon which prejudgment interest started to accrue, that is a harder question. Mr. Chenevert wired the funds in January 2020, but he did not learn that the funds had been misappropriated until "March 2020." *See* Doc. 2, p. 3. In the absence of a more specific date, the Court will assess pre-judgment interest from March 31, 2020, until the date of final Judgment. The rate of prejudgment interest for contracts where no rate of interest is agreed upon—as is the case here—is 6% per annum, pursuant to Arkansas Code § 4-57-101(d).

The Court will also assess postjudgment interest. Postjudgment interest shall accrue beginning on the date of entry of the Judgment that will be filed concurrently with this Memorandum Opinion and Order, "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Brett Thomas Chenevert is entitled to a default judgment against Defendants Mary Smith and Blue Water Transportation, LLC, so the Court **GRANTS** the Renewed Motion for Default Judgment (Doc. 21). Specifically, the Court awards the following:

1. $166,000.00 in compensatory damages;
2. $34,000.00 in punitive damages;
3. $6,443.28 in attorney's fees;
4. $400.00 in costs;
5. Prejudgment interest accruing from March 31, 2020, until the date of Judgment, and postjudgment interest accruing from today's date until paid in full.

**IT IS ORDERED**, therefore, that the total award of damages, attorney's fees, and costs is **$206,843.28**. Judgment will issue on this date to reflect the total money damages, fees, and costs awarded.

**IT IS FURTHER ORDERED** that the claims against John Does 1–3 are dismissed.

**IT IS SO ORDERED** on this 15th day of July, 2021.

                                                    */s/ Timothy L. Brooks*
                                                    TIMOTHY L. BROOKS
                                                    UNITED STATES DISTRICT JUDGE